UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FREDDIE O. CASTELLO, III | CIVIL ACTION |
| VERSUS | NO: 17-6535 |
| CITY OF NEW ORLEANS, ET AL. | SECTION: "A" (2) |

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 9)** filed by Defendant, the City of New Orleans; **Motion for Temporary Restraining Order (Rec. Doc. 13)** filed by Plaintiff, Freddie O. Castello, III. Both motions were noticed for submission on September 6, 2017, and are before the Court on the briefs without oral argument.[1]

Plaintiff Freddie O. Castello, III, proceeding pro se and in forma pauperis, has filed this complaint against the City of New Orleans and several of the City's departments (Code Enforcement, Mosquito, Termite & Rodent Control, Building Safety & Permits, and NCDC – Committee) in relation to the property located at 2336 Robert Street located in Orleans Parish. Plaintiff and his parents have lived next door to the property since 1964. The property had been vacant for years so Plaintiff elected to mow the lawn, plant trees, paint the exterior, and file liens against the property—all in hope of someday owning it. The City of New Orleans had owned the property when Plaintiff began efforts to obtain title to the property. But the City of New Orleans, acting through

---

[1] The City of New Orleans has requested oral argument but oral argument would not be helpful.

its appointed officers and employees, would not relinquish title to the property to Plaintiff.

Plaintiff's first lawsuit against City officials pertaining to 2336 Robert Street was Civil Action 12-1854, wherein this Court issued a judgment against Plaintiff on his claims. The Court found that Plaintiff's "constitutional" claims were legally frivolous. (Rec. Doc. 18).

Plaintiff then filed Civil Action 14-2025 against several City officials, again pertaining to 2336 Robert Street. The Court dismissed that complaint because Plaintiff lacked constitutional standing to assert any claims related to the property. (Rec. Doc. 12).

Plaintiff's latest complaint against the City again pertains to 2336 Robert Street. As the Court appreciates the complaint, Plaintiff is suing the City to obtain ownership of the property yet again.[2]

Via the instant motion Defendant moves the Court to dismiss Plaintiff's complaint. Defendant contends that it is unclear what federal right is actually being alleged as violated in the complaint.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v.*

---

[2] Although this point is not clear, it appears that another person purchased the property at a tax sale. Plaintiff lacked sufficient funds to satisfy the tax lien but had hoped to obtain the money via a lawsuit against his sister. (CA16-2732). Plaintiff believes that he was denied equal protection because the City would not reduce the tax lien so that he could make the purchase, as had been done, according to Plaintiff, in favor of the buyer of the Grand Theater.

*Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (*quoting Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. <u>Id.</u> (<u>quoting</u> <u>Iqbal</u>, 129 S. Ct. at 1950).

In an attempt to invoke this Court's jurisdiction, Plaintiff characterizes his claims as "Constitutional Issues." Giving Plaintiff's complaint the broadest of readings, Plaintiff fails to allege facts sufficient to support a violation of any federal right, constitutional or otherwise. The City of New Orleans and its departments are entitled to judgment as a

matter of law.³

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 9)** filed by Defendant, the City of New Orleans is **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for a Temporary Restraining Order (Rec. Doc. 13)** is **DENIED AS MOOT**.

September 11, 2017

*[signature]*
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

³ The Court notes that Plaintiff has filed a Motion to Amend (Rec. Doc. 16) his complaint, which is scheduled for submission before the magistrate judge on September 27, 2017. The Court has reviewed the proposed amendment and it would be futile.